Michael D. Flynn, Jr., Esq.
**MAHER · YANZA · FLYNN · TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for HAYAO SUEHIRO

**FILED**
DISTRICT COURT OF GUAM
JUN 26 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| HAYAO SUEHIRO, | CIVIL CASE NO. CIV 07-00017 |
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION |
| ROBERT J. DEL ROSARIO and MELANIE DEL ROSARIO, | |
| Defendants. | |

## I. INTRODUCTION

The Plaintiff, Hayao Suehiro (hereinafter, "Suehiro"), hereby moves the Court to issue, without requiring bond, an order for preliminary injunction, enjoining the Clerk of Court, U.S. District Court of Guam, from disbursing to Robert Del Rosario or Melanie Del Rosario (hereinafter, collectively, the "Del Rosarios") any of the $175,000 deposited with the Clerk of Court, by Japan Airlines Co., Ltd. (hereinafter, "JAL"), in U.S. District Court of Guam, Civil Case No. CIV04-00028, until Suehiro's claims, concerning a certain Promissory Note and Security Agreement, under the Complaint against the Del Rosarios, in the above-captioned case, are resolved.

1

ORIGINAL

As more fully set forth in the Complaint on Promissory Note and Application for Preliminary Injunction, if the Clerk of Court is not enjoined from disbursing any of the deposited $175,000 to the Del Rosarios, Suehiro will suffer immediate and irreparable harm.

## II. STATEMENT OF FACTS[1]

On or about January 9, 2002, Defendant Robert Del Rosario (hereinafter, "Del Rosario") agreed to pay back Suehiro the sum of $100,000.00 for debt that was owed Suehiro. On February 18, 2003, Del Rosario made and delivered to Suehiro, as payee, a promissory note in writing, whereby Del Rosario promised to pay to Suehiro or his order, by February 18, 2005, the sum of One Hundred Thousand Dollars ($100,000.00), with interest at the rate of one percent (1%) per month, compounded monthly, from February 18, 2003 until payment of principal and interest in full (the "Promissory Note").

To secure the indebtedness evidenced by the Promissory Note, Del Rosario executed and delivered a written security agreement to Suehiro (the "Security Agreement") granting a security interest in and to the proceeds of settlement, compromise or judgment (hereinafter the "Proceeds") from Del Rosario's claims and damages for bodily injury against Japan Airlines Co., Ltd. (hereinafter, "JAL") and any other person who contributed to the cause of Robert Del Rosario's bodily injury to his lower limbs on a JAL aircraft. Suehiro perfected his security interest by filing a financing statement with the Commissioner of Banking & Insurance, Department of Revenue and Taxation, Government of Guam (the "Financing Statement").

---

[1] Plaintiff Hayao Suehiro respectfully refers the Court to the Complaint on Promissory Note and Application for Preliminary Injunction, filed contemporaneously with this Memorandum, for a more complete and thorough recitation of the pertinent and salient facts relied upon by Hayao Suehiro in support of his Motion.

In a separate, earlier civil action in this Court, the Del Rosarios, as plaintiffs, filed a complaint, under Civil Case No. CIV04-00028, on June 8, 2004 against JAL, asserting a claim in negligence and for loss of consortium, stemming from alleged bodily injury to Robert Del Rosario, on a JAL aircraft (hereinafter, the "Negligence Action"). JAL denied the Del Rosarios' claims of negligence and loss of consortium. The Court, in an August 9, 2006 filed Findings of Fact and Conclusions of Law, concluded that "on February 24, 2006, the parties entered into a binding contract to settle [the Negligence Action] for $175,000.00." On the same date, the Court ordered JAL to pay the settlement money of $175,000.00, in the Negligence Action, to the Clerk of Court for the District Court of Guam, pending disposition of Robert Del Rosario's appeal of the Court's Order, in the Negligence Action, to the United States Court of Appeals for the Ninth Circuit. The appeal has not yet been decided.

Full payment of principal and interest under the Promissory Note became due and payable to Suehiro on February 18, 2005; however, initial payments of interest were due as early as February 18, 2004. Under the terms of the Promissory Note, as of May 18, 2007, Robert Del Rosario owed Suehiro $164,463.16. Del Rosario has not paid Suehiro any amount of principal, and has not paid any amount of interest, due and owing on the Promissory Note. Del Rosario was provided notice of default under the Promissory Note and Security Agreement. The Promissory Note is immediately due and payable.

Under the terms of the Security Agreement, should Robert Del Rosario's appeal prove unsuccessful, Suehiro will immediately possess a secured interest in the $175,000.00 that JAL has deposited with the Clerk of Court, which interest will be paramount to the interest of any other person or entity (including the Del Rosarios). Suehiro faces the threat of immediate and irreparable harm if the Clerk of Court

disburses any amount of the $175,000.00 to Robert Del Rosario or Melanie Del Rosario, because, assuming the Del Rosarios dispose of the money, Suehiro will then possess no means to have his rights satisfied under the Promissory Note and the Security Agreement.

Because Suehiro has no adequate remedy at law, if the Clerk of Court is allowed to disburse any amount of the $175,000.00 to Robert Del Rosario or Melanie Del Rosario, because Suehiro has a substantial likelihood of success on the merits and because the balance of equities weighs heavily in Suehiro's favor, Suehiro moves this Court to issue a preliminary injunction, enjoining the Clerk of Court from disbursing to Robert Del Rosario or Melanie Del Rosario any of the $175,000 deposited with the Clerk of Court, in District Court of Guam, Civil Case No. CIV04-00028, until resolution of Suehiro's claims against the Del Rosarios in the present lawsuit.

### III. ARGUMENT

Rule 65(a) of the Federal Rules of Civil Procedure (hereinafter, "FRAP") provides for the application and issuance of a preliminary injunction, following notice to the adverse party and after a Court hearing. Plaintiff Suehiro is entitled to an order for a preliminary injunction and to injunctive relief because he has satisfied the applicable standards for such injunctive relief. To be granted the requested injunctive relief, Suehiro must establish that:

(1) at the time of trial Suehiro will probably succeed on the merits, and

//

(2) Suehiro will suffer irreparable harm if the temporary restraining order is not granted.[2] Fast Brands Corp. v. Fred Meyer Inc., 809 F.2d 1378, 1381 (9th Cir. 1987) (and cases cited therein), see also, Hale v. Department of Energy, 806 F.2d 910, 914-915 (9th Cir. 1986); Los Angeles Memorial Coliseum Commission v. National Football League, 634 F.2d 1197, 1201 (9th Cir. 1980).

### A. Suehiro Will Probably Succeed on the Merits of this Action at the Time of Trial

Suehiro is likely to succeed on the merits of this motion. In his Complaint, Suehiro has pled facts which demonstrate that he will prevail at the trial of this action. Specifically, Suehiro has shown the following.

Full payment of principal and interest on the Promissory Note was due and owing on February 18, 2005. As of May 18, 2007, Robert Del Rosario owed Suehiro $164,463.16. Robert Del Rosario has never made any payment of interest or principal on the Promissory Note. The Promissory Note is secured by $175,000.00 that JAL has deposited with the Clerk of Court.

Unless restrained, however, the Clerk of Court may disburse some or all of the deposited $175,000 to the Del Rosarios. A disbursal of any part of the $175,000 would be to Suehiro's great and irreparable injury, for which pecuniary compensation would not

---

[2] In the Ninth Circuit, a moving party may meet its burden for obtaining injunctive relief by demonstrating either (1) a combination of probable success on the merits and the probability of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. see, e.g., First Brands Corp., 809 F.2d at 1281. (emphasis supplied).
 It is clear that Plaintiff Suehiro will probably succeed on the merits at trial and there is a significant possibility that Plaintiff Suehiro will suffer irreparable harm if the requested injunctive relief is not granted. Moreover, Plaintiff Suehiro has demonstrated that his injury outweighs any harm which granting injunctive relief might cause the defendants, and that the public interest will not be adversely affected by granting the preliminary injunction. Therefore, Plaintiff Suehiro has exceeded his burden and has met all applicable standards for injunctive relief.

afford adequate relief, in that Suehiro would be left with a probable hollow judgment against the Del Rosarios, who are, presumably, judgment-proof.

In that regard, an actual controversy has arisen and now exists between the Plaintiff Suehiro and, specifically, the Clerk of Court regarding their respective rights and duties. Plaintiff Suehiro contends that he is owed a substantial sum of money under the Promissory Note and Security Agreement, which obligation of Robert Del Rosario is secured by the $175,000 deposited, in Civil Case No. CIV04-00028, with the Clerk of Court. The Del Rosarios and/or the Clerk of Court may contend that, notwithstanding Plaintiff Suehiro's priority, secured interest in the deposited amount of $175,000, the Clerk of Court may disburse the $175,000, or some amount of the $175,000, to the Del Rosarios. An expedited judicial determination is necessary and appropriate at this time under all the circumstances so that Plaintiff Suehiro may determine his rights and so that the Clerk of Court may determine its duties with respect to the $175,000 deposited with the Clerk of Court.

Based on the above, and, in particular, the terms and provisions of the Promissory Note and the Security Agreement, it is clear that Suehiro will prevail at the trial of this action.

### B. Suehiro Will Suffer Substantial Irreparable Harm if the Relief Requested is not Granted

Damages could not remedy, after the fact, a disbursal to the Del Rosarios, by the Clerk of Court, of any part of the deposited $175,000. Further, it will be very difficult to quantify the amount of damages suffered by Suehiro if the Clerk of Court is allowed to proceed with disbursal of any part of the deposited $175,000 to the Del Rosarios.

6
Case 1:07-cv-00017   Document 5   Filed 06/26/2007   Page 6 of 8

The damages which Suehiro will suffer in such event are intangible and will be extremely difficult to ascertain, assess and quantify. Suehiro has no adequate remedy at law because monetary damages cannot possible redress Suehiro's loss of a security interest in the $175,000, if the money is disbursed to the Del Rosarios, if they dispose of it, and if there is no money or assets then to be had from the Del Rosarios. If this Court allows the disbursal of any part of the $175,000 to the Del Rosarios, without first determining whether Suehiro's right to the $175,000 is paramount and whether the Del Rosarios have the wherewithal to fulfill Robert Del Rosario's obligations under the Promissory Note and Security Agreement by way of some other assets, it is probable that Suehiro will be denied any practical remedy for Robert Del Rosario's breach of the Promissory Note and Security Agreement. Accordingly, there is no remedial measure, other than the requested relief, which will enable Suehiro to protect his interest in the Promissory Note and the Security Agreement.

By contrast, the Del Rosarios and the Clerk of Court will suffer no legally cognizable harm from the injunctive relief sought. The Del Rosarios have no legitimate claim that being precluded from disbursal of the $175,000 following appeal will cause them harm. Public policy dictates that, given the circumstances and facts of this matter, the Court preclude the Clerk of Court from disbursing any part of the $175,000 to the Del Rosarios. Robert Del Rosario must satisfy his obligations under the Promissory Note and the Security Agreement. Moreover, any possible harm to the Del Rosarios would be of far less immediacy than the imminent, destructive and irreparable harm to Suehiro and all such harm to the Del Rosarios, if any, would be due solely to Robert Del Rosario's

actions in not fulfilling his obligations under the Promissory Note and Security Agreement.

### C. Security Not Required

Although Rule 65(c) of the Rules of Civil Procedure permits the Court to require security as a condition precedent to the issuance of a temporary restraining order or a preliminary injunction, the Court has discretion to determine the amount of security that shall be required. The $175,000 at issue is deposited with the Clerk of Court and, at present, the $175,000 can only be accessed or disposed of following resolution of Robert Del Rosario's appeal. In light of the likelihood that Suehiro will succeed on the merits at trial, it is entirely proper that no security be required of the applicant Suehiro.

### IV. CONCLUSION

For all the reasons set forth above and in Suehiro's Complaint for Preliminary Injuction, Suehiro's Motion for an Order Issuing a Preliminary Injunction should be allowed without the posting of any security by Suehiro.

Respectfully submitted this 26th day of June, 2007.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for **HAYAO SUEHIRO**

By: _____
**MICHAEL D. FLYNN, JR., ESQ.**, a duly licensed employee