Michael D. Flynn, Jr., Esq.
**MAHER · YANZA · FLYNN · TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for HAYAO SUEHIRO

FILED
DISTRICT COURT OF GUAM
JUL 26 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| HAYAO SUEHIRO, | CIVIL CASE NO. CIV07-00017 |
| Plaintiff, | |
| vs. | MOTION FOR ENTRY OF DEFAULT JUDGMENT |
| ROBERT J. DEL ROSARIO, MELANIE DEL ROSARIO, | [ORAL ARGUMENT REQUESTED] |
| Defendants. | |

This motion is made pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and is based on the accompanying Memorandum of Points and Authorities, the Affidavit of Michael D. Flynn, Jr., the record of the proceedings and the papers on file herein, together with any and all arguments to be adduced at the hearing of the within entitled motion.

Plaintiff Hayao Suehiro requests judgment be entered against Defendants Robert J. Del Rosario and Melanie Del Rosario in the above-entitled action.

1

## I. **FACTS**

On or about February 18, 2003, Plaintiff and Defendant Robert J. Del Rosario entered into a Security Agreement and Promissory Note of $100,000.00.

On May 4, 2007, Plaintiff sent Mr. Del Rosario a Notice of Delinquency and Default, via registered mail, which was received by Mr. Del Rosario on May 5, 2007. See, Exhibit "1" to Affidavit of Michael D. Flynn, Jr.; Request for Hearing and Default Judgment.

On June 26, 2007, Plaintiff filed his Complaint on Promissory Note and Application for Preliminary Injunction, requesting the Court:

1. To decree that a preliminary injunction and/or a permanent injunction shall issue, enjoining the Clerk of Court from disbursing to Robert Del Rosario or Melanie Del Rosario any of the $175,000 deposited with the Clerk of Court, by JAL, in District Court of Guam, Civil Case No. CIV04-00028, until resolution of Suehiro's claims, under the Promissory Note and Security Agreement, against the Del Rosarios;

2. To decree that no security shall be required of Plaintiff Hayao Suehiro under FRCP 65(c);

3. To decree that, upon conclusion of the appeal in JAL's favor, Hayao Suehiro has a first and prior security interest in the above-described $175,000 in JAL settlement proceeds, paramount to all other persons and entities;

4. To decree that Hayao Suehiro be entitled to a first and valid lien in the above-described $175,000 in settlement proceeds, paramount to all other persons and entities;

5. To decree that Robert Del Rosario is in default under, and has materially breached, the terms of the Promissory Note and the Security Agreement and that Hayao Suehiro is entitled to damages, in an amount to be determined, according to proof at the time of trial, for said default and breaches.

6. To decree that the above-described $175,000 in settlement proceeds, be paid and applied to satisfy Robert Del Rosario's indebtedness to Hayao Suehiro;

7. To decree that in the event the proceeds of the JAL settlement are insufficient to satisfy Robert Del Rosario's debt, plus interest, costs, and reasonable attorney's fees, that Suehiro be granted a judgment against Robert Del Rosario and Melanie Del Rosario, jointly and severally, for any such deficiency;

8. To award Hayao Suehiro reasonable attorney's fees and costs of suit; and,

9. To grant Hayao Suehiro such other and further relief as the Court deems appropriate and proper.

On or about July 16, 2007, Defendant Melanie Del Rosario delivered a letter, bearing her signature, to Plaintiff's counsel's office, which letter referenced the Promissory Note of $100,000.00, admitting that principal of $100,000.00 and interest were due and owing on the Promissory Note. See, Exhibit "2" to Affidavit of Michael D. Flynn, Jr.; Request for Hearing and Default Judgment.

On July 23, 2007, the Defendants having failed to plead or otherwise defend, default was entered, pursuant to FRCP Rule 55(a).

## II. ARGUMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure states:

> (2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Although Defendants have failed to plead their case, because the Defendants in this case have written a letter to Plaintiff's counsel, in an abundance of caution, Plaintiff respectfully moves this Court for a Court hearing and then to enter judgment against Defendants, for the computed sum set forth in the Affidavit of Michael D. Flynn, Jr.; Request for Hearing and Entry of Default Judgment. Defendants may be entitled to 3-day notice and a hearing, before the Court, on Plaintiff's request for default judgment, if the Court deems Defendants' letter to constitute an appearance by the Defendants in this lawsuit.

//

//

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests a Court hearing and that judgment be entered against Defendants in this action, pursuant to FRCP Rule 55(b)(2), as follows:

1. Damages in the sum of $100,000.00;
2. Prejudgment interest of one percent (1%) per month, compounded monthly, from February 18, 2003 to May 15, 2007 (i.e., an amount totaling $64,354.63), and two percent (2%) per month, compounded monthly, from May 16, 2007 to the date of Judgment;
3. Attorney's fees of $14,380.00;
4. Costs of $795.90 in connection with the collection of the indebtedness on the Promissory Note;
5. Plaintiff is granted a first and prior security interest in any settlement funds deposited by Japan Airlines Co., Ltd. with the Clerk of Court in District Court of Guam, Civil Case No. CIV04-00028;
6. The Clerk of Court is ordered to first and immediately pay the Plaintiff and attempt to fully satisfy the Defendants' indebtedness to Plaintiff by disbursing to Plaintiff any and all settlement funds deposited with the Clerk of Court under District Court of Guam, Civil Case No. CIV04-00028, immediately upon receiving said settlement funds;
7. Plaintiff is granted judgment against the Defendants, jointly and severally, for any deficiency in the settlement funds deposited with the Clerk of Court, under District Court of Guam, Civil Case No. CIV04-00028, should said settlement funds be insufficient to satisfy Robert J.

Del Rosario's debt, plus interest, costs and reasonable attorney's fees; and

8. Costs of suit.

Respectfully submitted this 25th day of July, 2007.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for **HAYAO SUEHIRO**

By: _____
MICHAEL D. FLYNN, JR., ESQ.